```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

TAMMY WALLACE,                  :
                                :
     Plaintiff,                 :
                                :
     v.                         :     CASE NO. 3:11cv994(AWT)
                                :
BEST BUY STORES, L.P.           :
d/b/a "BEST BUY,"               :
                                :
     Defendant.                 :
```

RULING ON MOTION FOR PROTECTIVE ORDER

The plaintiff, Tammy Wallace, brings this diversity personal injury action against the defendant, Best Buy. Pending before the court is the plaintiff's motion for protective order pursuant to Fed. R. Civ. P. 26(c). (Doc. #31.) The motion is denied.

The plaintiff alleges that in June 2009, she slipped and fell in the defendant's store. As a result, the plaintiff claims to have suffered

> pain and shock to her entire nervous system as well as injuries of a severe and permanent nature to her person, including head, body, limbs and nervous system, and as a result of these injuries, the plaintiff has suffered and will continue to suffer great pain and emotional distress. Upon medical examination, it was determined that the plaintiff suffered injuries to her right elbow, right knee, neck, back and both wrists. As a result of her injuries, the plaintiff suffered from persistent right elbow lateral epicondylitis and ulnar neuritis, post lateral rotatory instability of the elbow and a trochlear chrondral lesion to her right knee, which required surgery. The plaintiff's injuries and scarring are a permanent source of physical pain and emotional distress.

(Compl. ¶5.)

During discovery, the defendant sought the plaintiff's

authorization to obtain copies of her medical records.  See doc. #31, Def's Requests for Production 2 - 4.  Although she produced certain records, the plaintiff resisted executing the authorizations.  In the instant motion, the plaintiff seeks a protective order that her primary care physician, Dr. Caputo, not be required to produce the plaintiff's medical file.[1]  Rather, the plaintiff wants disclosure limited to "records that relate to the plaintiff's right elbow, right knee, neck, back and wrists." (Doc. #31 at 2.)  Plaintiff contends that she has produced all the documentation related to the fall.  (Doc. #31-1 at 5.)  She objects to further production on the grounds that disclosure would violate her "right to privacy, federal law and force [her] to produce privileged material."  (Plaintiff's Objection.)

    The defendant objects.  The defendant argues that the plaintiff has put her medical condition at issue and that the records are relevant, particularly in light of the plaintiff's prior and subsequent spine and back issues,

    Federal discovery rules "make a trial less a game of blindman's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958).  "Parties may obtain discovery regarding any matter, not privileged, that is

---

[1]The plaintiff erroneously executed an authorization that would permit the defendant to obtain plaintiff's records but maintains her objection to the defendant's request.

relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). However, upon a showing of good cause, the court may enter an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). A court has broad discretion regarding whether to issue a protective order under Rule 26(c). See Dove v. Atl. Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992) ("[t]he grant and nature of protection is singularly within the discretion of the district court").

    The plaintiff, as the party seeking Rule 26(c) protection, "bears the burden of establishing the requisite 'good cause.'" Burgess v. Town of Wallingford, No. 3:11CV1129(CSH), 2012 WL 4344194, at *9 (D. Conn. Sept. 21, 2012). She has not done so. The plaintiff is claiming significant damages resulting from her physical injuries. As a result, the defendant is entitled to the plaintiff's medical information. See Hitzig v. Hubbard, No. 1:08-cv-102-jgm, 2011 WL 3360410, at *2 (D. Vt. Aug. 3, 2011)(granting defendant's motion to compel the plaintiff's medical records where plaintiff alleged personal injury from car accident); Bruno v. CSX Transp., Inc., 262 F.R.D. 131 (N.D.N.Y. 2009) (in personal injury case, court overruled plaintiff's objections of privilege, privacy and relevance and granted defendant's motion to

compel "production of plaintiff's medical records from his primary care physician without redaction"); Midalgo v. McLaughlin, No. 9:06-CV-330, 2009 WL 890544, at *2 n. 5 (N.D.N.Y. Mar. 30, 2009) ("by putting his medical condition at issue in this lawsuit, [plaintiff] waives any privilege he may have otherwise been entitled to as to his limited privacy interests in these medical records"); Bayne v. Provost, 359 F. Supp.2d 234, 238 (N.D.N.Y. 2005) (noting that "[b]y commencing this action and seeking damages for his medical injuries, [plaintiff] placed his relevant medical condition at issue").

The plaintiff's motion is denied and she is ordered to authorize her medical provider to disclose her records to the defendants.  See Weber v. Fujifilm Medical Systems U.S.A., Inc., No. 3:10cv401(JBA), 2011 WL 674026, at *1 (D. Conn. Feb. 17, 2011)("Defendants can obtain Plaintiff's medical records only by Plaintiff granting his medical providers permission to disclose records or by the subpoena and deposition process. Courts recognize that the authorization process is markedly more efficient.")

SO ORDERED at Hartford, Connecticut this 13th day of November, 2012.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge